Jon G. Daryanani, Bar No. 205149
JDaryanani@perkinscoie.com
Lindsay M. Holloman, Bar No. 271266
LHolloman@perkinscoie.com
Jill L. Ripke, Bar No. 309501
JRipke@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendant
THE BOEING COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMESA MEDINA, an individual, pro se,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a.k.a. "Boeing", a corporation[1],<br><br>Defendants. | Case No. 8:20-cv-304<br><br>**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL**<br><br>[Complaint filed March 25, 2019 and First Amended Complaint filed on July 17, 2019 removed from the Superior Court of California, County of Orange, Case No. 30-2019-010588858-CU-WT-CJC]<br><br>[Filed concurrently with Defendant Civil Cover Sheet; Corporate Disclosure Statement and Certificate of Interested Parties; Declaration of Lindsay Holloman; Declaration of Stephanie L. Hernandez; Declaration of Barbara C. Krubski] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

**DISTRICT OF CALIFORNIA, THE PLAINTIFF AND HER COUNSEL:**

---

[1] The caption for the First Amend Complaint included the following individual defendants: i.e. Boeing "Agents" and/or employees Steve Glogoza, Jeffrey Recktenwald, Rich Harwin, Gregory Gracey, Joann Urtula, Amy Bartram, inclusive, (at times relevant to this case).  They have been removed from the caption here because they were dismissed by the court with prejudice on January 30, 2020.

**PLEASE TAKE NOTICE THAT** that Defendant The Boeing Company ("Boeing") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange, to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. sections 1332, 1441 and 1446, because minimum diversity exists and the amount in controversy exceeds $75,000.  Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1.      On or about March 25, 2019, Plaintiff Chimesa Medina ("Plaintiff") filed a Complaint against Boeing and 12 individual defendants in the Superior Court of the State of California, County of Orange, Case No. 30-2019-010588858-CU-WT-CJC (the "Complaint").  The Complaint asserted claims for relief arising out of Plaintiff's employment with Boeing.

2.      On or about April 25, 2019, Boeing removed this case to federal court. The case was assigned to the Honorable Andrew J. Guilford and assigned case number 8:19-cv-00774-AG (JEM).

3.      On or about May 2, 2019, Boeing filed a Motion to Dismiss and Strike Portions of Plaintiff's Complaint or, in the Alternative, Motion for a More Definite Statement.

4.      On or about May 10, 2019, the Court remanded the case *sua sponte* to the Orange County superior court on the grounds that there was not complete diversity between Plaintiff and the defendants.

5.      On or about May 29, 2019, Boeing filed general and special demurrers and a motion to strike portions of the Complaint in the Orange County superior court.  The Orange County superior court entered an order sustaining the demurrers and motion to strike in part and overruling them in part.  The court also granted Plaintiff leave to amend.

-2-

6.      On or about July 17, 2019, Plaintiff attempted to file a First Amended Complaint ("FAC" or "Amended Complaint") but failed to pay the filing fee. As a result, the Orange County superior court dismissed the matter on August 7, 2019 prompting Plaintiff to file a motion to vacate the dismissal. On or about November 13, 2019, the Orange County superior court granted Plaintiff's motion to vacate.

7.      On or about December 19, 2019, Plaintiff served the FAC on Boeing. The FAC averred 13 claims for discrimination, harassment, and wrongful termination, among other claims, against Boeing and six individual defendants, including California resident Richard "Rich" Harwin [2] ("Harwin"). Boeing attempted to meet and confer with Plaintiff to address deficiencies in the FAC prior to filing another demurrer and motion to strike but was unsuccessful. On or about January 13, 2020, Boeing filed a declaration pursuant to California Code of Civil Procedure section 430.41.

8.      On or about January 30, 2020, the Orange County superior court held a Case Management Conference. At that conference, ***Plaintiff requested that the court dismiss the remaining six individual defendants and the court granted her request to dismiss the following individual defendants***: Amy Bartram, Gregory Gracey, Jeffrey Recktenwald, Johann Urtula, Harwin, and Steve Glogoza. The individual defendants, including California resident Harwin, were dismissed with prejudice. **As a result, the only remaining parties to the action are Plaintiff, a resident of California, and Boeing, not a resident of California.**

9.      Attached hereto as Exhibit 1 is a true and correct copy of the docket from the Orange County Superior Court ("OCSC") website as of 02-11-2020.

10.      Attached hereto as Exhibit 2 is a true and correct copy of the Complaint, reflecting a date of 03-25-19, pulled from the OCSC docket.

---

[2] Plaintiff identified individual defendant Richard Harwin in the caption of her Complaint and as Rich Harwin in the caption of her FAC. *Compare* Exhibit 10 [Complaint] *with* Exhibit 84 [FAC].

-3-

11.     Attached hereto as Exhibit 3 is a true and correct copy of the Summons Issued, reflecting a date of 03-25-19, pulled from the OCSC docket.

12.     Attached hereto as Exhibit 4 is a true and correct copy of the Civil Case Cover Sheet, reflecting a date of 03-25-19, pulled from the OCSC docket.

13.     Attached hereto as Exhibit 5 is a true and correct copy of the Case Assigned to Judicial Officer Margines, Charles, reflecting a date of 03-25-19, pulled from the OCSC docket.

14.     Attached hereto as Exhibit 6 is a true and correct copy of the Order On Court Fee Waiver (Superior Court), reflecting a date of 03-27-19, pulled from the OCSC docket.

15.     Attached hereto as Exhibit 7 is a true and correct copy of the Proof of Service of Summons, reflecting a date of 04-02-19, pulled from the OCSC docket.

16.     Attached hereto as Exhibit 8 is a true and correct copy of the Case Management Conference, reflecting a date of 04-18-19, pulled from the OCSC docket.

17.     Attached hereto as Exhibit 9 is a true and correct copy of the Proposed Order, reflecting a date of 04-25-19, pulled from the OCSC docket.

18.     Attached hereto as Exhibit 10 is a true and correct copy of the Proposed Order, reflecting a date of 04-25-19, pulled from the OCSC docket.

19.     Attached hereto as Exhibit 11 is a true and correct copy of the Proposed Order, reflecting a date of 04-25-19, pulled from the OCSC docket.

20.     Attached hereto as Exhibit 12 is a true and correct copy of the Notice of Removal to Federal Court, reflecting a date of 04-26-19, pulled from the OCSC docket.

21.     Attached hereto as Exhibit 13 is a true and correct copy of the Minutes Finalized for Chambers Work, reflecting a date of 05-02-19, pulled from the OCSC docket.

-4-

22.   Attached hereto as Exhibit 14 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-02-19, pulled from the OCSC docket.

23.   Attached hereto as Exhibit 15 is a true and correct copy of the Notice of Hearing, reflecting a date of 04-25-19, pulled from the OCSC docket.

24.   Attached hereto as Exhibit 16 is a true and correct copy of the Demurrer to Complaint (Special), reflecting a date of 04-25-19, pulled from the OCSC docket.

25.   Attached hereto as Exhibit 17 is a true and correct copy of the Demurrer to Complaint (General), reflecting a date of 04-25-19, pulled from the OCSC docket.

26.   Attached hereto as Exhibit 18 is a true and correct copy of the Memorandum of Points And Authorities, reflecting a date of 04-25-19, pulled from the OCSC docket.

27.   Attached hereto as Exhibit 19 is a true and correct copy of the Request for Judicial Notice, reflecting a date of  04-25-19, pulled from the OCSC docket.

28.   Attached hereto as Exhibit 20 is a true and correct copy of the Declaration in Support, reflecting a date of 04-25-19, pulled from the OCSC docket.

29.   Attached hereto as Exhibit 21 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 04-25-19, pulled from the OCSC docket.

30.   Attached hereto as Exhibit 22 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 04-25-19, pulled from the OCSC docket.

31.   Attached hereto as Exhibit 23 is a true and correct copy of the Proof of Service reflecting a date of 04-25-19, pulled from the OCSC docket.

32.     Attached hereto as Exhibit 24 is a true and correct copy of the E-Filing Transaction Number 1616758 - Rejected, reflecting a date of 05-03-19, pulled from the OCSC docket.

33.     Attached hereto as Exhibit 25 is a true and correct copy of the Motion to Strike, reflecting a date of 04-25-19, pulled from the OCSC docket.

34.     Attached hereto as Exhibit 26 is a true and correct copy of the Memorandum of Points and Authorities, reflecting a date of 04-25-19, pulled from the OCSC docket.

35.     Attached hereto as Exhibit 27 is a true and correct copy of the Proof of Service, reflecting a date of 04-25-19, pulled from the OCSC docket.

36.     Attached hereto as Exhibit 28 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 04-25-19, pulled from the OCSC docket.

37.     Attached hereto as Exhibit 29 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-03-19, pulled from the OCSC docket.

38.     Attached hereto as Exhibit 30 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-03-19, pulled from the OCSC docket.

39.     Attached hereto as Exhibit 31 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-03-19, pulled from the OCSC docket.

40.     Attached hereto as Exhibit 32 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-03-19, pulled from the OCSC docket.

41.     Attached hereto as Exhibit 33 is a true and correct copy of the Minutes Finalized for Fee Waiver Hearing, reflecting a date of 05-07-19, pulled from the OCSC docket.

42.     Attached hereto as Exhibit 34 is a true and correct copy of the Order on Court Fee Waiver after Reconsideration Hearing (Denied), reflecting a date of 05-07-19, pulled from the OCSC docket.

43.     Attached hereto as Exhibit 35 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-15-19, pulled from the OCSC docket.

44.     Attached hereto as Exhibit 36 is a true and correct copy of the Minutes Finalized for Chambers Work, reflecting a date of 05-17-19, pulled from the OCSC docket.

45.     Attached hereto as Exhibit 37 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-17-19, pulled from the OCSC docket.

46.     Attached hereto as Exhibit 38 is a true and correct copy of the Order to Remand, reflecting a date of 05-16-19, pulled from the OCSC docket.

47.     Attached hereto as Exhibit 39 is a true and correct copy of the Notice of Acknowledgment from U.S. District Court, reflecting a date of 05-17-19, pulled from the OCSC docket.

48.     Attached hereto as Exhibit 40 is a true and correct copy of the Proposed Order, reflecting a date of 05-29-19, pulled from the OCSC docket.

49.     Attached hereto as Exhibit 41 is a true and correct copy of the Proposed Order, reflecting a date of 05-29-19, pulled from the OCSC docket.

50.     Attached hereto as Exhibit 42 is a true and correct copy of the Proposed Order, reflecting a date of 05-29-19, pulled from the OCSC docket.

51.     Attached hereto as Exhibit 43 is a true and correct copy of the Notice of Hearing, reflecting a date of 05-29-19, pulled from the OCSC docket.

52.     Attached hereto as Exhibit 44 is a true and correct copy of the Demurrer to Complaint (Special), reflecting a date of 05-29-19, pulled from the OCSC docket.

-7-

53.     Attached hereto as Exhibit 45 is a true and correct copy of the Demurrer to Complaint (General), reflecting a date of 05-29-19, pulled from the OCSC docket.

54.     Attached hereto as Exhibit 46 is a true and correct copy of the Memorandum of Points and Authorities, reflecting a date of 05-29-19, pulled from the OCSC docket.

55.     Attached hereto as Exhibit 47 is a true and correct copy of the Request for Judicial Notice, reflecting a date of 05-29-19, pulled from the OCSC docket.

56.     Attached hereto as Exhibit 48 is a true and correct copy of the Declaration in Support, reflecting a date of 05-29-19, pulled from the OCSC docket.

57.     Attached hereto as Exhibit 49 is a true and correct copy of the Motion to Strike, reflecting a date of 05-29-19, pulled from the OCSC docket.

58.     Attached hereto as Exhibit 50 is a true and correct copy of the Memorandum of Points and Authorities, reflecting a date of 05-29-19, pulled from the OCSC docket.

59.     Attached hereto as Exhibit 51 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 05-29-19, pulled from the OCSC docket.

60.     Attached hereto as Exhibit 52 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 05-29-19, pulled from the OCSC docket.

61.     Attached hereto as Exhibit 53 is a true and correct copy of the Proposed Order (Cover Sheet) (Electronic Filing), reflecting a date of 05-29-19, pulled from the OCSC docket.

62.     Attached hereto as Exhibit 54 is a true and correct copy of the Payment Plan, reflecting a date of 05-31-19, pulled from the OCSC docket.

63.     Attached hereto as Exhibit 55 is a true and correct copy of the Order on Court Fee Waiver (Denied), reflecting a date of 05-30-19, pulled from the OCSC docket.

64.     Attached hereto as Exhibit 56 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 05-31-19, pulled from the OCSC docket.

65.     Attached hereto as Exhibit 57 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 04-25-19, pulled from the OCSC docket.

66.     Attached hereto as Exhibit 58 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 04-25-19, pulled from the OCSC docket.

67.     Attached hereto as Exhibit 59 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 04-25-19, pulled from the OCSC docket.

68.     Attached hereto as Exhibit 60 is a true and correct copy of the Reply to Motion, reflecting a date of 06-26-19, pulled from the OCSC docket.

69.     Attached hereto as Exhibit 61 is a true and correct copy of the Reply to Motion, reflecting a date of 06-26-19, pulled from the OCSC docket.

70.     Attached hereto as Exhibit 62 is a true and correct copy of the E-Filing Transaction Number 2811397 Rejected, reflecting a date of 07-02-19, pulled from the OCSC docket.

71.     Attached hereto as Exhibit 63 is a true and correct copy of the E-Filing Transaction Number 1639844 Rejected, reflecting a date of 07-02-19, pulled from the OCSC docket.

72.     Attached hereto as Exhibit 64 is a true and correct copy of the Minutes Finalized for Multiple Events, reflecting a date of 07-03-19, pulled from the OCSC docket.

73.     Attached hereto as Exhibit 65 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 05-29-19, pulled from the OCSC docket.

74.     Attached hereto as Exhibit 66 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 05-29-19, pulled from the OCSC docket.

75.     Attached hereto as Exhibit 67 is a true and correct copy of the Proposed Order (Not Signed), reflecting a date of 05-29-19, pulled from the OCSC docket.

76.     Attached hereto as Exhibit 68 is a true and correct copy of the Case Management Conference scheduled for 09-30-19, reflecting a date of 07-18-19, pulled from the OCSC docket.

77.     Attached hereto as Exhibit 69 is a true and correct copy of the Civil Case Cover Sheet, reflecting a date of 07-17-19, pulled from the OCSC docket.

78.     Attached hereto as Exhibit 70 is a true and correct copy of the Amended Complaint voided and reflecting a date of 08-07-19, pulled from the OCSC docket.

79.     Attached hereto as Exhibit 71 is a true and correct copy of the Notice to Filing Party, reflecting a date of 08-14-19, pulled from the OCSC docket.

80.     Attached hereto as Exhibit 72 is a true and correct copy of the Clerk's Certificate of Service By Mail (Out Of Process), reflecting a date of 08-14-19, pulled from the OCSC docket.

81.     Attached hereto as Exhibit 73 is a true and correct copy of the Motion to Vacate (Order dated 882019), reflecting a date of 08-23-19, pulled from the OCSC docket.

82.     Attached hereto as Exhibit 74 is a true and correct copy of the Proof of Personal Service (Notice Of Motion), reflecting a date of 09-19-19, pulled from the OCSC docket.

-10-

83.     Attached hereto as Exhibit 75 is a true and correct copy of the Minutes Finalized for Motion to Set Aside Vacate, reflecting a date of 11-13-19, pulled from the OCSC docket.

84.     Attached hereto as Exhibit 76 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 11-13-19 (Amended Complaint), pulled from the OCSC docket.

85.     Attached hereto as Exhibit 77 is a true and correct copy of the Minutes Finalized for Chambers Work, reflecting a date of 11-15-19, pulled from the OCSC docket.

86.     Attached hereto as Exhibit 78 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 11-15-19, pulled from the OCSC docket.

87.     Attached hereto as Exhibit 79 is a true and correct copy of the Case Management Statement, reflecting a date of 11-27-19, pulled from the OCSC docket.

88.     Attached hereto as Exhibit 80 is a true and correct copy of the Case Management Statement, reflecting a date of 12-02-19, pulled from the OCSC docket.

89.     Attached hereto as Exhibit 81 is a true and correct copy of the Minutes Finalized for Chambers Work, reflecting a date of 12-06-19, pulled from the OCSC docket.

90.     Attached hereto as Exhibit 82 is a true and correct copy of the Clerk's Certificate of Mailing Electronic Service, reflecting a date of 12-06-19, pulled from the OCSC docket.

91.     Attached hereto as Exhibit 83 is a true and correct copy of the Minutes Finalized for Chambers Work, reflecting a date of 12-06-19, pulled from the OCSC docket.

92.     Attached hereto as Exhibit 84 is a true and correct copy of the Amended Complaint, reflecting a date of 07-17-19, pulled from the OCSC docket.

93.     Attached hereto as Exhibit 85 is a true and correct copy of the Substitution of Attorney, reflecting a date of 12-17-19, pulled from the OCSC docket.

94.     Attached hereto as Exhibit 86 is a true and correct copy of the Minutes Finalized for Case Management Conference, reflecting a date of 12-12-19, pulled from the OCSC docket.

95.     Attached hereto as Exhibit 87 is a true and correct copy of the Declaration - Other, reflecting a date of 01-13-20, pulled from the OCSC docket.

96.     Attached hereto as Exhibit 88 is a true and correct copy of the Case Management Statement, reflecting a date of on 01-15-20, pulled from the OCSC docket.

97.     Attached hereto as Exhibit 89 is a true and correct copy of the Case Management Statement, reflecting a date of 01-15-20, pulled from the OCSC docket.

98.     Attached hereto as Exhibit 90 is a true and correct copy of the Proof of EService, reflecting a date of 01-15-20, pulled from the OCSC docket.

99.     Attached hereto as Exhibit 91 is a true and correct copy of the Minutes Finalized for Case Management Conference, reflecting a date of 01-30-20, pulled from the OCSC docket.

100.   Attached hereto as Exhibit 92 is a true and correct copy of the docket in the above-entitled matter (Case No 2-19-cv-03373) from the United States District Court for the Central District of California website as of February 13, 2020.

101.   Attached hereto as Exhibit 93 is a true and correct copy of the docket in the above-entitled matter (Case No 8-19-cv-00774) from the United States District Court for the Central District of California website as of February 13, 2020.

102.   Attached hereto as Exhibit 94 are true and correct copies of the Notice of Removal (without exhibits) and supporting declarations, filed on or about April 25, 2019, pulled from the docket for the United States District Court for the Central District of California.

103.   Attached hereto as Exhibit 95 is a true and correct copy of the Motion to Dismiss and Strike and supporting papers filed on or about May 2, 2019 pulled from the docket for the United States District Court for the Central District of California at my direction.

104.   Attached hereto as Exhibit 96 is a true and correct copy of the Minute Order remanding the case, entered by Judge Andrew J. Guilford on or about May 10, 2019 pulled from the docket for the United States District Court for the Central District of California at my direction.

## GROUNDS FOR REMOVAL

105.   This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and cost.  Finally, this Notice is timely filed as no more than 30 days have elapsed since the matter became removable (*see* Exhibit 91 [Minute Order Dismissing Individual Defendants]), it has been less than a year since the commencement of the action, and all other procedural requirements are met.  28 U.S.C. §§ 1446(b)(3), (c)(1); *see also* Exhibit 96 [Minute Order Remanding Case for lack of diversity].

## REMOVAL IS TIMELY

106.   This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b)(3) because it is filed and served within 30 days of the court's order of January 30, 2020, dismissing the individual defendants, including non-diverse defendant Rich Harwin, with prejudice leaving Plaintiff and Boeing as the only remaining parties.  *See* Exhibit 91 [Minute Order Dismissing Individual

1   Defendants]; see also 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial

2   pleading is not removable, a notice of removal may be filed within thirty days after

3   receipt by the defendant, through service or otherwise, of a copy of an . . . order . . .

4   from which it may first be ascertained that the case is one which is or has become

5   removable").

6       107.  This Notice of Removal is further timely filed pursuant to 28 U.S.C.

7   section 1446(c)(1) because it is filed within a year of the commencement of the

8   action, March 25, 2019.

9   **DIVERSITY OF CITIZENSHIP**

10       108.  Complete diversity exists under 28 U.S.C. section 1332 between

11   Plaintiff and Boeing because they are citizens of different states.  In compliance

12   with 28 U.S.C. section 1441(b), "[no] part[y] in interest properly joined and served

13   as a defendant[] is a citizen of the State in which [this] action is brought."

14   **Plaintiff is a Citizen of California**

15       109.  A natural person's state citizenship is determined by her state of

16   "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A

17   person's domicile is her permanent home, where she resides with the intention to

18   remain or which she intends to return." *Kanter*, 265 F.3d at 857.  For purposes of

19   diversity of citizenship jurisdiction, citizenship is determined by the individual's

20   domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*,

21   243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.

22   1986)).  Evidence of continuing residence creates a presumption of domicile.

23   *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

24       110.  In the FAC, Plaintiff states that she "is, and at all times herein . . . a

25   resident of California.  (Exhibit 84 [FAC], at ¶ 2.)  Plaintiff, therefore, is a citizen

26   of California for purposes of diversity jurisdiction.  Plaintiff does not allege any

27   alternate state of citizenship.

28   **Boeing is Not a Citizen of California**

111.   For purposes of determining jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

112.   A corporation's "principal place of business" is its "nerve center," which means "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).   Typically, a corporation's "nerve center" is the location where the corporation maintains its headquarters. *Id.* at 81, 92.

113.   Here, Boeing is incorporated in the State of Delaware and has been since 1947.  Declaration of Stephanie L. Hernandez ("Hernandez Decl."), ¶ 3.

114.   Boeing maintains its World Headquarters at 100 North Riverside Plaza, Chicago, Illinois, which serves as its principal place of business and "nerve center." *Id.* at ¶ 4.   The officers and directors of Boeing are located at the World Headquarters in Chicago, Illinois and other states other than California, where they exercise day-to-day control of the business and perform the vast majority of their executive and administrative functions. *Id.*  Boeing's corporate books and records are located at its World Headquarters in Chicago, Illinois. *Id.*

115.   Based on the abovementioned facts, Boeing is therefore a citizen of Delaware and Illinois for purposes of determining diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

116.   As a result, Boeing is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for purposes of determining diversity jurisdiction.

### **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

117.   Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." 28 U.S.C. §§ 1332(a).

-15-

118.   Although the FAC does not allege a damage amount as to each claim, removal is proper if, from the allegations of the FAC and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (9th Cir. 1999).

119.   In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including back pay, front pay, emotional distress damages, punitive damages, statutory penalties and attorneys' fees.  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

120.   Although Boeing denies any and all liability as to Plaintiff, the amount in controversy is determined based on Plaintiff's allegations in the FAC.  Here, Plaintiff's allegations demonstrate that the amount in controversy exceeds $75,000.

121.   Plaintiff's FAC alleges that she began employment with Boeing in July 2007 and last worked as an "Acquisitions Specialist."  Exhibit 84 [FAC], ¶ 18.  Plaintiff resigned from her employment on March 6, 2018.  *Id.* at ¶ 127.  Plaintiff alleges that she was discriminated against based on her race, gender, and exercise of rights based on the California Family Rights Act ("CFRA"); was harassed based on race and gender; restrained and discouraged from exercising her CFRA rights; was not reasonably accommodated; was subjected to negligence and wrongfully terminated; and that defendant did not properly engage with Plaintiff in the interactive process, and failed to prevent discrimination, harassment and retaliation.  *See id.* at ¶¶ 132-191.  Plaintiff seeks to recover several categories of damages, including general and compensatory damages for lost wages (front and back pay), benefits, emotional distress, punitive damages and costs.  *Id.* at Prayer.

122.   In 2018, when Plaintiff resigned from her employment with Boeing, her yearly salary was $110,736 (equivalent to $53.85 per hour).  Declaration of

-16-

Barbara C. Krubski ("Krubski Decl."), ¶ 3.  Were this case to go to trial within 12 months of removal, Plaintiff's wage loss claim would span from March 6, 2018 to at least February 14, 2021.  As a result, Plaintiff's back wages alone could total more than $322,980 in claimed lost earnings, exclusive of any claims for lost benefits or future earnings losses.[3]

123.  In support of her claim for emotional distress and punitive damages, Plaintiff alleges that Boeing acted in a "willful, oppressive and malicious manner towards Plaintiff and with the intent to vex annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause"; and that, as a result, Plaintiff suffered "both economic and non-economic damages," including "emotional distress, anguish, and suffering."  FAC, ¶¶ 154, 161, 164, 167, 170, 173, 176, 179, 185, Prayer ¶¶ 5, 6.  Courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement.  *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement"); *Gibson*, 261 F.3d at 945; *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").

124.  In employment actions, juries in California and elsewhere have returned verdicts with substantial awards for non-compensatory damages that far exceed $75,000.  *See EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-

---

[3] Again, Boeing denies Plaintiff is entitled to any damages whatsoever, but provides this information for purposes of addressing the amount in controversy.

-17-

1    AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in

2    past earnings, $91,000 in future earnings, and $350,000 in emotional distress

3    damages); *Astor v. Rent-A-Center*, Docket No. 03AS048644 (Sacramento Cty.

4    Superior Court Aug. 5, 2005) (jury verdict included $369,000 in economic damages

5    and $250,000 in noneconomic damages); *Pansacola v. Malaysia Airlines*, Docket

6    No. CV045944 (C.D. Cal. Feb. 2006) (jury verdict of $237,537, of which $160,000

7    was for punitive damages).

8        125.   Based on a conservative good faith estimate of the value of the alleged

9    damages in this action, the amount in controversy in this case exceeds $75,000

10   exclusive of interest and costs.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029,

11   1031-35 (N.D. Cal. 2002) (holding that Plaintiff's damage claim, including lost

12   wages, medical expenses, emotional distress and attorneys' fees, was enough to put

13   the amount in controversy above $75,000).

14                                   **VENUE**

15       126.   Pursuant to 28 U.S.C. section 1441(a), venue lies in this Court because

16   the Central District of California is the "district and division embracing the place

17   where such action is pending," namely, the California Superior Court for the

18   County of Orange.  *See* 28 U.S.C. § 1441(a).

19           **REMAINING PREREQUISITES HAVE BEEN SATISFIED**

20       127.   The pleadings and orders attached to this Notice as Exhibits A through

21   I constitute all of the process and pleadings filed in this action to date in Orange

22   County Superior Court and in the federal court Central District.

23       128.   Boeing will promptly serve Plaintiff with this Notice of Removal and

24   promptly file a copy of this Notice of Removal with the clerk of the state court in

25   which the action is pending, as required under 28 U.S.C. section 1446(d).

26       129.   If any question arises as to the proprietary of the removal of this

27   action, Boeing requests the opportunity to present a brief and oral argument in

28   support of its position that this case is properly removed.

-18-

1    **WHEREFORE**, Boeing respectfully requests that this action be removed

2  from the Superior Court of the State of California in and for the County of Orange

3  to the United States District Court for the Central District of California.

4

5  DATED:  February 14, 2020                **PERKINS COIE LLP**

6

7                                           By: */s/ Jon G. Daryanani*
                                                Jon G. Daryanani, Bar No. 205149
8                                               JDaryanani@perkinscoie.com
                                                Lindsay M. Holloman, Bar No. 271266
9                                               LHolloman@perkinscoie.com
                                                Jill L. Ripke, Bar No. 309501
10                                              JRipke@perkinscoie.com

11                                          Attorneys for Defendant
                                            THE BOEING COMPANY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

1  **PROOF OF SERVICE**

2  I, Jose E. Gamez, declare:

3  I am a citizen of the United States and employed in Los Angeles County, California.  I am

4  over the age of eighteen years and not a party to the within-entitled action.  My business address

5  is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721.  On February 14,

6  2020, I served a copy of the within document(s):

7  **DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL**

8  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon
9  fully prepaid, the United States mail at Los Angeles, California addressed as set
   forth below.

10  ☒  by placing the document(s) listed above in a sealed Federal Express - Overnight
11  Mail envelope and affixing a pre-paid air bill, and causing the envelope to be
   delivered to a Delivery Service agent for delivery.

12
13  Chimesa Medina                          Joel W. Baruch, Esq. Bar No. 85903
    703 West 28th Street                    LAW OFFICES OF JOEL W. BARUCH, PC
14  San Pedro, CA 90731                     2601 Main Street, Suite 980
    Telephone: 562-595-2327                 Irvine, CA 92614
15  Email: medina.chimesa1@gmail.com        Telephone: 949-864-9662
    PLAINTIFF                               Facsimile: 949-851-3185
16                                          Email: joel@joelwbaruch.com
                                            Attorney for Plaintiff,
17                                          CHIMESA MEDINA

18  I am readily familiar with the firm's practice of collection and processing correspondence

19  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

20  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

21  motion of the party served, service is presumed invalid if postal cancellation date or postage

22  meter date is more than one day after date of deposit for mailing in affidavit.

23  I declare under penalty of perjury under the laws of the State of California that the above

24  is true and correct.

25  Executed on February 14, 2020, at Los Angeles, California.

26  _____
27  Jose E. Gamez

28
-20-

DEFENDANT'S NOTICE OF REMOVAL
92248961.5