UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00304-JVS(JEMx) | Date | 4/9/20 |
|---|---|---|---|
| Title | Chimesa Medina v. The Boeing Company | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion to Remand

Plaintiff Chimesa Medina ("Medina") moves to remand this action to the Orange County Superior Court. Mot., ECF No. 17.[1] Defendant The Boeing Company ("Boeing") opposes the motion and objects[2] to certain evidence submitted by Medina in support of her motion. Opp'n, ECF No. 19; Obj., ECF No. 20.

For the following reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter and **VACATES** the April 13, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

---

[1] Local Rule 7-3 requires that the parties "meet and confer" in advance of filing such a motion "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (Italics supplied.) The conference must occur at least seven (7) days prior to the filing of the motion. Id. In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]." Medina's motion is procedurally defective because it does not include the required statement in the language in the notice. However, while Boeing's counsel argues that Medina did not have throughly discuss the grounds for her motion with Boeing, Boeing was at least on notice that counsel was contemplating filing a motion to remand on the basis that Boeing's nerve center was in California. See Lindsay M. Holloman Decl., ¶ 4, Ex. B, ECF No. 19-2. While the Court will consider the Motion in this instance, the Court warns counsel that Rule 7-3 and Rule 7-4 will be strictly enforced in the future and reminds counsel that the Court expects counsel to make meaningful attempts at scheduling meet and confer conferences.

[2] Boeing filed a series of evidentiary objections with their opposition. The Court only considered admissible evidence in resolving the motion to remand. When the order cites evidence to which Boeing has objected, the objection is impliedly overruled. The Court declines to rule on objections to evidence upon which it did not rely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00304-JVS(JEMx)					Date  4/9/20

Title  Chimesa Medina v. The Boeing Company

## I. BACKGROUND

Medina filed her initial complaint in the Superior Court of California, County of Orange on March 25, 2019. ECF No. 1-4, 12-108. Boeing removed the action to the United States District Court for the Central District of California on April 26, 2019 (Case No.: 8:19-cv-00774-AG-JEM). ECF No. 1-6, 340-55. The action was remanded to the Superior Court on the grounds that complete diversity of citizenship did not exist because two individual non-diverse defendants were part of the action. See ECF No. 1-6, 421-22.

On November 13, 2019, Medina filed her amended complaint in the Superior Court of the State of California, County of Orange. Compl., ECF No. 1-6, p. 89-170.[3] The amended complaint alleges a series of discriminatory actions taken against Medina by her employer, Boeing, of over ten years. Id. at ¶¶ 18-128. The amended complaint asserts the following twelve claims: (1) discrimination based upon race in Violation of California Fair Employment Housing Act ("FEHA"), Cal. Gov. Code § 12940 (a), et. seq.; (2) discrimination based upon gender in violation of California FEHA, Cal. Gov. Code § 12940(a), et seq.; (3) harassment based upon race and gender in violation of California FEHA, Cal. Gov. Code § 12940 (j) et. seq.; (4) failure to prevent discrimination and harassment in violation of California FEHA, Cal. Gov. Code § 12940 (k), et. seq.; (5) failure to make reasonable accommodation in violation of California FEHA, Cal. Gov. Code § 12940 (m), et seq.; (6) failure to engage in the interactive process in violation of California FEHA, Cal. Gov. Code § 12940 (n), et. seq.; (7) discrimination based upon right to family care and medical leave in violation of California FEHA, Cal. Gov. Code § 12945.2 (1), et seq.; (8) restrain of right(s) in violation of California FEHA, Cal. Gov. Code § 12945.2 (t), et. seq.; (9) restraining and discouraging California Family Rights Act (CFRA) in violation of California Code of Regulation ("CCR") § 11094 (a), et seq.; (10) interference with CRFA in violation of CCR § 11094 (b), et. seq.; (11) negligence; and (12) wrongful termination. See generally, id.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court. City of

---

[3]At the moment, the only remaining Defendant is Boeing. See generally, Compl., see also Holloman Decl., ¶ 3, Exh. A, 8:22-10:9, ECF 19-2.

Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Id. (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Medina argues that complete diversity does not exist because Boeing has not sufficiently demonstrated that its "principal place of business" is located in Chicago, Illinois. Mot., 5.

A corporation is deemed to be a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," or where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. V. Friend, 559 U.S. 77, 92–93 (2010).

Medina argues that the declaration of Stephanie L. Hernandez, upon which Boeing relied in its removal notice to establish its principal place of business, is insufficient in light of Hertz. Mot, 5-6. In Hertz, the Supreme Court found that the mere filing of a 10-K listing a corporation's principal executive offices without more was insufficient and did not constitute the "competent proof" required to support challenged allegations of jurisdictional facts. Hertz, 559 U.S. at 96–97. Medina contends that the declaration provided by Boeing is even less competent evidence than a 10-K. Mot., 9. However, the Court is permitted to consider evidence that was not part of the removal notice so long as

it "sheds light on the situation which existed when the case was removed." Harmon v. OKI Sys., 115 F.3d 477, 480 (7th Cir. 1997), cert. denied 522 U.S. 966 (1997). Here, as will be discussed more thoroughly below, Boeing has provided more than just the form 10-K that was provided in Hertz.

Medina contends that Boeing operates through "three separate business units"[4] and that she was employed under the "Defense, Space, and Security" unit. Mot., 7. She argues that for the three units only the California location of the "Greater Los Angeles Areas" permeates all three business units and therefore, no state other than California prevails as the principal place of business for all three units. Id. She also argues that the executives in California control and coordinate the activities for each of these units. Id. Thus, she argues that Boeing's principal place of business for purposes of this remand is California. In turn, Boeing contends that "Defense, Space and Security" is an unincorporated business unit of Boeing and that although Boeing does have three business units, the other two "units" identified by Medina are actually not units, but are only corporate functions. Mot., 6 (referring to Colleen Moran Decl., ¶ 9, ECF No. 19-1). Regardless, "[a] division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994); see also L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) (applying Breitman). Thus, Boeing's citizenship is based not on the principal place of business of the "Defense, Space and Security" unit, but of the corporation as a whole.

Here, Boeing's principal place of business is in Chicago, Illinois. It is undisputed that Boeing is incorporated in the State of Delaware. See Mot., 2; Opp'n, 5. Boeing's world headquarters is located in Chicago, Illinois. Hernandez Decl., ¶ 4, ECF No. 1-2; Moran Decl., ¶ 5. None of Boeing's fourteen senior officers who serve on the "Executive Counsel" and are responsible for making "high level strategic decisions on behalf of Boeing" reside in California. Moran Decl., ¶ 6-7, Ex. 1. Five of the officers are based out of Boeing's headquarters in Chicago, Illinois, and the remaining are based out of

---

[4] Referring to the (1) Defense, Space and Security; (2) Boeing Test & Evaluation; and (3) Boeing Research & Technology. Mot., 7.

Virginia (4), Washington (2)[5], Texas (1), and the United Kingdom (1). Id. at ¶¶ 6, 8 cf. Medina Decl., Ex. D, 6, ECF No. 17-1. Boeing's President and CEO, CFO, General Counsel, and the heads of Human Resources, Communications, and Internal Governance and Administration also direct, control, and coordinate many of Boeing's activities from its headquarters in Chicago. Moran Decl., ¶ 8. Additionally, Boeing's Form 10-K and the California Secretary of State entity search recognize that Boeing's executive office or entity address is located in Chicago, Illinois. Holloman Decl., ¶ 5, Ex. C; Medina Decl., Ex. B. The Court finds that the totality of this evidence is sufficient to establish Boeing's principal place of business as Chicago, Illinois.

Accordingly, since Boeing is a "citizen" of Illinois and Medina is a citizen of California,[6] complete diversity of citizenship exists and remand is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter and **VACATES** the April 13, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

                                                                                        :     0

                                                          Initials of Preparer     lmb

---

[5] Boeing claims in its brief that the fourteenth officer is based out of Washington, but the declaration does not contain the location of the fourteenth person.

[6] See Remand, ¶¶ 109-110; Compl., ¶ 2.