ESTELLE & KENNEDY
A Professional Law Corporation
Michael L. Kennedy, Esq., SBN 269566
Paul Suppa, Esq., SBN: 208014
Stephen Michael Shaw, Esq., SBN 179510
367 N. 2nd Avenue
Upland, California 91786
Office: 909.608.0466
Facsimile: 909.608.0477
Email: paul@estellekennedylaw.com

Attorneys for Plaintiff
CHIMESA MEDINA

UNITED STATE DISTRICT COURT OF CALIFORNIA

CENTRAL DISTRICT

CHIMESA MEDINA, an individual,

Plaintiff,

Vs.

THE BOEING COMPANY,

Defendants

**CASE NO.: 8:20-CV-00304-JVS-JEM**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR APPROVAL OF WITHDRAWAL OF COUNSEL FOR PLAINTIFF, CHIMESA MEDINA; DECLARATION OF PAUL SUPPA IN SUPPORT THEREOF, AND PROPOSED ORDER**

*(Ex Parte Request for Approval of Withdrawal of Counsel and Propose Order on Request being filed concurrently)*

**Date** **May 9, 2022**
**Time** **1:30PM**
**Dept.:** **10C**
**District Judge:** **Hon. James V. Selna**
**Magistrate Judge: Hon. John D. Early**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR APPROVAL OF WITHDRAWAL OF COUNSEL

An attorney may not withdraw as counsel except by leave of Court. Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The Court has discretion to grant or deny an attorney's motion to withdraw in a civil case. See, e.g., Deal v. Countrywide Home Loans, Case No. C 09-01643 SBA, 2010 U.S. Dist. LEXIS 101701, 2010 WL 3702459 at *2 (N.D. Cal. Sept. 15, 2010); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982).

Kaskorkis v. Gen. Nutrition Ctrs., Inc. United States District Court, California Southern Aug 21, 2018 2018 U.S. Dist. LEXIS 141983.

An attorney may not withdraw as counsel except by leave of Court. Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The Court has discretion to grant or deny an attorney's motion to withdraw in a civil case. See, e.g., Deal v. Countrywide Home Loans, Case No. C 09-01643 SBA, 2010 U.S. Dist. LEXIS 101701, 2010 WL 3702459 at *2 (N.D. Cal. Sept. 15, 2010); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982).

San Diego Unified Port Dist. v. Monsanto Co. United States District Court, California Southern Jul 19, 2018 2018 U.S. Dist. LEXIS 121899.

"An attorney may not withdraw as counsel except by leave of Court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial Court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 U.S. Dist. LEXIS 101701, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

SEC v. Blockvest, LLC United States District Court, California Southern Feb 14, 2019 2019 U.S. Dist. LEXIS 24537.

Executed on the 12th day of April, 2022 in San Diego, California.

Estelle & Kennedy,
A Professional Law Corporation

[signature]

PAUL SUPPA
Attorney for Plaintiff
CHIMESA MEDINA

## DECLARATION OF PAUL SUPPA IN SUPPORT OF EX PARTE REQUEST FOR APPROVAL OF WITHDRAWAL OF COUNSEL

I, PAUL SUPPA, declare and state the following:

1. I am an attorney duly licensed to practice law before the court of the State of California. I am a senior associate at Estelle & Kennedy, A Professional Law Corporation, attorneys of record for Plaintiff, CHIMESA MEDINA. The following facts are within my personal knowledge and, if called to testify as a witness in this action, I could completely testify thereto.

2. I have been an attorney for 22 years and have significant experience in plaintiff's civil litigation in state and federal court.

3. Ms. Medina retained our services on or about August 19, 2021 to review case file and oppose a motion for summary judgment.

4. Prior to filing a Notice of Settlement with the Court, I received verbal authorization by the client to settle this case and review a proposed settlement agreement to be drafted and presented by opposing counsel.

5. Client now maintains she did not verbally authorize me to agree to jointly file a Notice of Settlement and that the proposed settlement provided subsequent was a "hard no".

6. Respectfully I would ask the Court to grant a present motion to withdraw as counsel of record given that the relationship with the client has deteriorated to the point that client will not allow me or authorize me to communicate with opposing counsel.

7. Additionally, I have been accused by the client of collusion with opposing counsel and threatened me with malpractice.

8. I have asked Ms. Medina to sign a substitution of attorney on several occasions most recently on Friday April 8, 2022 but client has refused.

9. Notwithstanding, Ms. Medina's nonpayment of her invoice in a substantial amount of approximately 40k. Please note we are a small law firm of less than 20 people and cannot absorb this amount without undue financial hardship.

10. I sincerely apologize to the Court (and even to my client) for my inability to handle this case given the parameters now imposed upon me by the client.

11. Respectfully, my client's position is that we do not have a settlement and that I erroneously authorized and agreed to file a Notice of Settlement with opposing counsel.

12. I humbly ask the Court to please re-open the matter per my client's instructions to me and rule on the previous submitted motion for summary judgment and opposition papers.

13. However, I do ask the Court to relieve me, my associates and Estelle and Kennedy from the present case and grant the present request to withdraw as counsel for Plaintiff.

I, hereby, declare under penalty of perjury that the foregoing is true and correct except as to those statements made under information reported herein as to those, I believe them to be true.

Dated: April 12, 2022.

Respectfully Submitted,

PAUL SUPPA, ESQ.
Declarant

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action, my business address is 606 South Olive Street, Suite 1140, Los Angeles, California 90014.

On 04/14/2022, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR APPROVAL OF WITHDRAWAL OF COUNSEL FOR PLAINTIFF, CHIMESA MEDINA; DECLARATION OF PAUL SUPPA IN SUPPORT THEREOF; AND PROPOSED ORDER**, on the interested parties in this action by placing ( ) the original (X) a true copy thereof enclosed in a sealed envelope addressed as follows:

Jon G. Daryanani JDaryanani@perkinscoie.com
Lindsay M. Holloman LHolloman@perkinscoie.com
Jill L. Ripke JRipke@perkinscoie.com
Javier Garcia JGarcia@perkinscoie.com
Jose Gamez JGamez@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721

Ms. Chimesa Medina -- medina.chimesa1@gmail.com
703 W. 28th St
San Pedro, CA 90731
medina.chimesa1@gmail.com

[X] **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully paid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

[X] **VIA ELECTRONIC TRANSMISSION**: I personally e-mailed the document(s) to the persons at the e-mail address(es) above. This method of service is permitted by California Rule of Court Emergency Rule 12 and necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office is working remotely, not able to send physical mail as usual, and is therefore using only electronic mail, C.C.P §1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. A physical copy will be provided upon request only.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 04/14/2022, at Los Angeles, California.

Julie Pena, Paralegal